J-S90006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIAN FERNANDEZ | : | |
| | : | |
| Appellant | : | No. 3212 EDA 2015 |

Appeal from the PCRA Order October 5, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0006474-2007

BEFORE:  OTT, SOLANO, and JENKINS, JJ.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 30, 2016**

Julian Fernandez appeals *pro se*[1] from the order entered October 5, 2015, in the Court of Common Pleas of Montgomery County, that dismissed as untimely his first petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Fernandez seeks relief from the judgment of sentence to serve a term of five to 10 years' imprisonment, followed by five years' probation.  Based upon the following, we affirm.

On April 27, 2009, Fernandez was found guilty in a non-jury trial of two counts of possession with intent to deliver (PWID) a controlled

_____

[1] As will be more fully discussed below, the PCRA court granted appointed counsel leave to withdraw from representation.

substance, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia.[2] On November 9, 2009, the trial court imposed a mandatory minimum sentence of imprisonment of five to 10 years, followed by five years' probation.[3] On October 12, 2011, this Court affirmed Fernandez's judgment of sentence and, on May 24, 2012, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Fernandez**, 37 A.3d 1228 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 47 A.3d 844 (Pa. 2012). As more fully discussed below, Fernandez's judgment of sentence became final on August 22, 2012, when the 90-day time period expired for filing a writ of *certiorari* in the United States Supreme Court.

On September 24, 2014, Fernandez filed the instant PCRA petition *pro se*, asserting that his mandatory minimum sentence was illegal under **Alleyne v. United States**, 133 S. Ct. 2151 (2013).[4] Counsel was

_____

[2] **See** 35 P.S. §§ 780-113(a)(30), (a)(16), and (32), respectively.

[3] The mandatory minimum sentence was imposed pursuant to 42 Pa.C.S. § 9712.1, with respect to Count 2, PWID (cocaine).

[4] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne, supra**, 133 S.Ct. at 2155. "The effect of **Alleyne's** new rule was to invalidate a range of Pennsylvania sentencing statutes predicating mandatory minimum penalties upon non-elemental facts and requiring such facts to be determined by a preponderance of the evidence at sentencing." **Commonwealth v. Wolfe**, 140 A.3d 651, 653 (Pa. 2016).

appointed, and subsequently filed a petition to withdraw, together with a no-merit letter, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  The no-merit letter advised, *inter alia*, that the petition was untimely because it was filed beyond the PCRA's one-year time limitation.  **See** No-Merit Letter, 10/22/2014, at 4.  The no-merit letter further advised that although Fernandez's challenge to the legality of his sentence was based on **Alleyne**, he could not rely on a PCRA timeliness exception because his petition had not been filed within 60 days of the date his claim could have been presented, as required by the PCRA.  **Id.** at 4–5, *citing* 42 Pa.C.S. § 9545(b)(2).  The no-merit letter further stated Fernandez's claim did not satisfy any PCRA timeliness exception.  **Id.** at 5–6.

By order dated June 11, 2015, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907, granted appointed counsel's request to withdraw, and permitted Fernandez 20 days to respond to the proposed dismissal.  Fernandez filed a timely response to the PCRA court's Rule 907 notice on June 29, 2015.[5]  On October 5, 2015, the PCRA court, upon consideration of the *pro se* PCRA petition, the no-merit letter,

---

[5]  Fernandez's Rule 907 response was mailed from prison in an envelope post-marked June 29, 2015. According to the "prisoner mailbox rule," a document will "be deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997).

and Fernandez's response to the Rule 907 notice, issued a final order that dismissed Fernandez's *pro se* petition without a hearing. **See** Order, 10/5/2015. This appeal followed.[6]

Although Fernandez identifies six issues in the brief he has submitted to this Court,[7] Fernandez presents one, undivided discussion, in which he

_____

[6] On October 28, 2015, the PCRA court issued an order for Fernandez to file a Pa.R.A.P. 1925(b) statement within 21 days of the court's order. Fernandez complied by filing a Rule 1925(b) statement, which was entered on the docket on November 19, 2015. There is no post-marked envelope included in the certified record to indicate the date of mailing pursuant to the "prisoner mailbox rule," **supra**. However, we can infer that Fernandez must have mailed the concise statement at the latest by November 18, 2015, *i.e.*, within 21 days of the PCRA court's order.

[7] Fernandez lists the following issues in his brief:

A. The PCRA court erred by failing to provide a legally robust discussion with clear findings of fact thus denying proper appellate review.

B. The PCRA court erred in dismissing appellant's PCRA petition for untimely filing.

C. The PCRA court erred in dismissing appellant's PCRA petition due to delay in filing without holding a hearing.

D. The PCRA court erred in failing to find appellant's appellate counsel ineffective for failing to ask the appellate court for a stay and abeyance to await the decision made in **Alleyne v. United States**, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

E. [Fernandez's] PCRA counsel was ineffective for failing to contact him about his case as required by **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988).

*(Footnote Continued Next Page)*

contends that "the PCRA court erred in failing to find that counsel was ineffective as it pertains to his inability to argue that the mandatory minimum sentence imposed in the instant case constituted an illegal sentence under *Alleyene*," and that he "is serving an illegal sentence … based on an unconstitutional statute." Fernandez's Brief, "Summary of Argument," Section VI (p. 4, unpaginated).

> Our standard of review is well established:
>
> "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Taylor*, 620 Pa. 429, 67 A.3d 1245, 1248 (Pa. 2013) (quoting *Commonwealth v. Rainey*, 593 Pa. 67, 928 A.2d 215, 223 (Pa. 2007)).

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1283-84 (Pa. 2016).

"It is well-settled that the PCRA's time restrictions are jurisdictional in nature." *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Under the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

    F. [Fernandez's] PCRA counsel was ineffective for filing a "no-merit" letter and withdrawing from his case.

Fernandez's Brief, "Statement of Questions Involved," Section IV (p. 2, unpaginated).

review." 42 Pa.C.S. § 9545(b)(3). There are three statutory exceptions to the PCRA's timeliness provisions that allow for limited circumstances under which an otherwise untimely PCRA petition may be reviewed. To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Furthermore, a petitioner invoking a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

As stated above, Fernandez's judgment of sentence became final on August 22, 2012, following this Court's May 24, 2012, affirmance of the judgment of sentence and the expiration of the 90-day period for him to file a petition for *certiorari* in the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct. Rule 13. Therefore, applying the PCRA's one-year time limitation, Fernandez had until August 22, 2013, to file a timely PCRA petition. **See** 42 Pa.C.S. § 9545(b)(1). However, because Fernandez

filed his first PCRA petition on September 24, 2014, it is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1).

At the outset, it is important to note that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462 (Pa. Super. 2013). Accordingly, in this case, there is no jurisdiction to review the present petition unless a timeliness exception applies. *See* 42 Pa.C.S. 9545(b)(1)(i)-(iii). The PCRA court determined no timeliness exception applied, and we agree.

Fernandez's assertion that his mandatory minimum sentence is illegal in light of *Alleyne* implicates the PCRA's timeliness exception for a newly recognized and retroactively applied constitutional right, 42 Pa.C.S. § 9545(b)(1)(iii). However, in order to invoke this statutory exception, Fernandez was required to file his petition within 60 days of *Alleyne*, which was decided on June 17, 2013. *See* 42 Pa.C.S. § 9545(b)(2). As already stated, Fernandez did not file the instant petition until September 24, 2014. Therefore, as Fernandez failed to comply with the prerequisite set forth in Section 9545(b)(2), Fernandez cannot overcome the PCRA time-bar.

Even if Fernandez had filed his petition within 60 days of the *Alleyne* decision, no relief would be due. Fernandez's reliance on *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), to argue *Alleyne* applies to his case is misplaced. The

Pennsylvania Supreme Court, in *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016), definitively held that *Alleyne* does not apply retroactively to cases on collateral review where the petitioner's judgment of sentence had already become final.  As this Court recently explained:

> Finally, assuming that *Alleyne* announced a new constitutional right, neither our Supreme Court nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final, and this Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 2011 PA Super 231, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012). To the contrary, our Supreme Court recently filed an opinion  in *Commonwealth v. Washington*, 142 A.3d 810, 2016 Pa. LEXIS 1536, 2016 WL 3909088 (Pa. July 19, 2016) wherein it addressed the retroactive effect of *Alleyne* and held "that *Alleyne [v. United States*, __ U.S. __, 133 S.Ct. 2151, 186 L. Ed. 2d 314 (2013),]* does not apply retroactively to cases pending on collateral review. . . ."  [142 A.3d at 820].

*Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016).  Therefore, Section 9545(b)(1)(iii) would be not afford Fernandez PCRA relief.

Additionally, Fernandez asserts in his brief that his *Alleyne* claim is predicated on the exception for governmental interference, 42 Pa.C.S. § 9545(b)(1)(ii).  Specifically, he claims that the Pennsylvania Supreme Court's decision to deny his petition for allowance of appeal constituted governmental interference.  This claim, however, has been waived, since "exceptions to the time bar must be pled in the PCRA petition, and may not

be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007).

Even if this claim had been preserved, as already noted, Fernandez failed to file his petition within 60 days of *Alleyne*, and therefore, on this basis, he cannot satisfy the governmental interference exception. In any event, there is no automatic right to appeal to the Pennsylvania Supreme Court. *See* 42 Pa.C.S. § 724. Therefore, it was within the Court's discretion to deny the petition for allowance of appeal. Furthermore, the Pennsylvania Supreme Court's denial of allowance for appeal did not prevent Fernandez from filing a writ of *certiorari* in the United States Supreme Court. Consequently, Section 9545(b)(1)(i) would be not afford Fernandez PCRA relief.

In sum, we conclude the PCRA court correctly determined it lacked jurisdiction to consider the merits of Fernandez's PCRA petition and properly dismissed it as untimely filed. Accordingly, we affirm the PCRA court's October 5, 2015, Order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2016